UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY ELLIS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:08CV1506 JCH |
| TROY STEELE, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Larry Ellis's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On June 18, 2003, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of one count of assault in the first degree, one count of assault in the second degree, one count of assault in the third degree, and two counts of armed criminal action. Petitioner was sentenced to thirty years imprisonment on the first degree assault conviction, seven years on the second degree assault conviction, one year on the third degree assault conviction, and twelve years and three years, respectively, on the two armed criminal action convictions.[1] Petitioner's convictions and sentence were affirmed on appeal. State v. Ellis, 148 S.W.3d 856 (Mo. App. 2004). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. G). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Ellis v. State, 244 S.W.3d 197 (Mo. App. 2008).

---

[1] The trial court sentenced Petition to concurrent terms for the assault counts, with the armed criminal action counts to run concurrently with each other, and consecutively with the assault sentences, for a total of 42 years imprisonment.

Petitioner then filed a Motion to Recall the Mandate, which remained pending at the time he filed the instant habeas petition. (Resp. Exh. K).

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following two claims for relief:

(1) That the evidence was insufficient to convict him of first-degree assault and the corresponding charge of armed criminal action; and

(2) That Petitioner received ineffective assistance of counsel, in that trial counsel proffered an erroneous jury instruction for the lesser-included offense of second degree assault, which then was submitted to the jury in his trial.[2]

(§ 2254 Petition, PP. 6-9). The Court will address the claims in turn.

## DISCUSSION

**A.   Procedural Default**

As stated above, in Ground 1 of his petition Petitioner asserts the evidence at trial was insufficient to convict him of first-degree assault and the corresponding charge of armed criminal action. (§ 2254 Petition, PP. 6-7). A review of the record reveals Petitioner failed to pursue this claim on direct appeal of his convictions.

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because the petitioner failed to raise the claim on direct appeal, the claim is defaulted and Petitioner is procedurally barred from pursuing it in a federal habeas proceeding. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v.

---

[2] In his §2254 petition, Petitioner appears to assert trial court error with respect to the submitted jury instruction as well. (§ 2254 Petition, PP. 7-8). Petitioner abandons this claim in his reply brief, however, and in any event, such a claim would be procedurally defaulted. (Petitioner's Traverse, P. 9).

Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). Therefore, this Court cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice."[3] Coleman, 501 U.S. at 750; Forest v. Delo, 52 F.3d at 719; Keithley v. Hopkins, 43 F.3d at 1217.

In his § 2254 petition, Petitioner apparently asserts ineffective assistance of appellate counsel as cause for his procedural default. (§ 2254 Petition, P. 6). "Ineffective assistance of trial or appellate counsel may be cause excusing a procedural default." Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002), citing Murray v. Carrier, 477 U.S. 478, 491-92, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). "However, in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." Id. (citations omitted). Petitioner here did not preserve the claim of appellate counsel ineffectiveness by presenting it to the state courts, and so this claim may not excuse the procedural default at issue. Id. Therefore, the claim raised in Ground 1 of the instant petition is procedurally barred and must be denied.[4]

**B.      Claim Addressed On The Merits**

---

[3] Petitioner makes no claim of actual innocence, and thus cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 760-761 (8th Cir.), cert. denied, 516 U.S. 876 (1995).

[4] To the extent Petitioner raised the claim of ineffective assistance of appellate counsel in his motion to recall the mandate, this was not proper state procedure. See Anderson v. Luebbers, 2007 WL 2860061 at *3 (E.D. Mo. Sep. 25, 2007) ("Under Missouri Supreme Court Rules 29.15(a) and (m), where the sentence is pronounced on or after January 1, 1996, a person convicted of a felony must seek relief regarding all claims of ineffective assistance of trial and appellate counsel under Rule 29.15.").

As stated above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel proffered an erroneous jury instruction for the lesser-included offense of second degree assault, which then was submitted to the jury in his trial. (§ 2254 Petition, PP. 7-9). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

Findings of Fact

7. During the instructions conference, defense counsel proffered an instruction on the lesser included offense of assault in the second degree as to count I. The instruction was derived from MAI-CR 3d 319.12. However, the instruction submitted the offense on the theory of "recklessly causing physical injury." Under § 565.060.1(3), the offense is committed by recklessly causing *serious* physical injury to the victim. Neither counsel nor the Court detected this error and the proffered instruction was submitted to the jury as Instruction No. 6.

8. The evidence at trial established beyond a reasonable doubt that in June 2001 Ellis stabbed the victim Turner in the side, stabbed the victim Avants in the arm, and struck the victim Lee, during an altercation that Ellis initiated while in an intoxicated condition. During the course of the altercation, Ellis uttered opprobrious racial epithets.

9. The jury found Ellis guilty of assault first degree as to victim Turner. The jury found Ellis guilty of assault in the second degree, a lesser included offense, with regard to victim Avants.

Conclusions of Law

2. To establish constitutionally ineffective assistance of counsel, Ellis must plead and prove both deficient performance and prejudice. To show deficient performance, Ellis must overcome the presumption that counsel performed within the wide range of reasonable professional assistance and show that counsel's performance fell below the standard of reasonableness under prevailing professional norms. E.g., *Rompilla v. Beard*, 545 U.S. 374 (2005); *Williams v. State*, 168 S.W.3d 433 (Mo. banc 2005). Prejudice is established by pleading and proof of deficient performance that so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In other words, but for the errors of counsel, there is a reasonable probability that the result of the trial would have been different. *Lyons v. State*, 39 S.W.3d 32 (Mo. banc 2001).

5. Ellis's claim regarding the submission of Instruction No. 6 at trial is frivolous. The jury found Ellis guilty of assault in the first degree. Deficiencies in the instruction concerning assault in the second degree are therefore wholly moot. Neither trial nor appellate counsel can be convicted of ineffective assistance in this regard as there was no prejudice.

(Resp. Exh. G, PP. 58-61). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

In his second point, Appellant[5] maintains that in paragraphs 8(c), 9(c), 8(d) and 9(d) of his amended motion, he raised claims against his trial and appellate attorneys for failing to object to and raise on appeal the missing term "serious" from Instruction 6, in reference to the physical injury component of the lesser-included second-degree assault charge included with the first-degree assault charge of Count I. MAI-CR 3d 319.12 requires the inclusion of the term "serious" in reference to the physical injury for a second-degree assault charge involving reckless conduct not involving the discharge of a firearm. Accordingly, Instruction 6 for the lesser-included second-degree assault offense *should* have read: "That on June 30, 2001, in the City of St. Louis, State of Missouri, [Appellant] recklessly caused *serious* physical injury to Timothy Turner by means of a dangerous instrument by stabbing him." [Emphasis added.]

Although the motion court conceded the omission of the term "serious" from the lesser-included second-degree assault charge was error, it maintained that it was frivolous error, because the jury convicted Appellant of first-degree assault, and therefore any error in the lesser-included second-degree assault instruction is irrelevant, and could not have prejudiced Appellant.

We agree. The jury found Appellant guilty of the elements of the crime of first-degree assault set forth in Instruction 5, before they even reached Instruction 6, which contained the lesser-egregious elements of second-degree assault. As such, Appellant cannot have been prejudiced by the inadvertent omission of the word "serious" in Instruction 6. The omission of the word "serious" in the lesser-included offense could not have affected the outcome of Appellant's trial, because the jury did not consider it when finding Appellant guilty of the offense charged. In compliance with MAI-CR 3d 319.12, the jurors were told to consider whether Appellant was guilty of second-degree assault *only if* they did not find Appellant guilty of first-degree assault. As such, any prejudice to Appellant is refuted by the record. Trial counsel was therefore not ineffective for failing to raise this issue at trial. By

---

[5] Petitioner is referred to as "Appellant" by the Missouri Court of Appeals.

> the same reasoning, appellate counsel cannot be found ineffective for failing to have raised this issue on appeal, as it would not have affected the outcome of the appeal. Accordingly, the motion court did not err in rejecting this claim without an evidentiary hearing.
>
> Appellant cites State v. Doolittle, 896 S.W.2d 27, 29-30 (Mo. banc 1995), for its holding that without the inclusion of the definition of "serious physical injury" in the corresponding jury instruction, the state was excused from its burden of proof on a contested element of the charged crime of attempted first-degree robbery. However, in Doolittle, the jury convicted the defendant of attempted first-degree robbery--the charge with the erroneous instruction. In the instant case, the jury did not. In fact, the jury in the case *sub judice* did not reach the lesser-included charge instruction because it did [not] get past the first-degree assault charge.
>
> Finally, the fact that the victim suffered serious physical injury was not in dispute. The record undeniably shows the victim suffered serious physical injury, to-wit: he endured a lacerated colon, resulting in lost control of his bowels, a nine-day hospital stay and a large scar.

(Respondent's Exh. H, PP. 4-6).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674

(1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds it need not consider whether Petitioner's counsel's performance was deficient, because with this allegation Petitioner fails to demonstrate the requisite prejudice. Specifically, the Court notes that because the jurors in Petitioner's trial found him guilty of first-degree assault, they did not consider the erroneous instruction on second-degree assault. Further, the flaw in the instruction was irrelevant for the additional reason that the fact that the victim suffered serious physical injury was not in dispute. Under these circumstances, Petitioner suffered no prejudice from trial counsel's failure to discover the error at trial, and so Ground 2 must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 9th day of March, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE